UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEN COSYNS, derivatively on behalf of LUXURBAN HOTELS INC., <br><br> Plaintiff, <br><br> v. <br><br> BRIAN FERDINAND, SHANOOP KOTHARI, DAVID BERG, JIMMIE CHATMON, AIMEE NELSON, LEONARD TOBOROFF, and JEFFREY WEBB, <br><br> Defendants, <br><br> and <br><br> LUXURBAN HOTELS INC. <br><br> Nominal Defendant. | Case No. 1:25-cv-02524 |

**STIPULATION AND [PROPOSED] ORDER TEMPORARILY STAYING ACTION**

Plaintiff Fen Cosyns ("Plaintiff"), Defendants Brian Ferdinand, Shanoop Kothari, David Berg, Jimmie Chatmon, Aimee Nelson, Leonard Toboroff, and Jeffrey Webb ("Individual Defendants"), and Nominal Defendant LuxUrban Hotels Inc. ("LuxUrban"; together with Individual Defendants, the "Defendants")—collectively, the "Parties"—jointly submit this Stipulation and [Proposed] Order Temporarily Staying Action (the "Stipulation") to temporarily stay the above-captioned derivative action (the "Action"), and in support thereof state as follows:

WHEREAS, on March 27, 2025, Plaintiff filed the Action on behalf of and for the benefit of LuxUrban, asserting claims against the Individual Defendants for alleged violations of Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act"), breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and contribution under Sections 10(b) and 21D of the Exchange Act (ECF No. 1);

WHEREAS, the undersigned counsel for Defendants is authorized to accept service of the Complaint filed in this Action for Defendants, conditioned on Defendants' preservation of all defenses and objections to the Complaint and any consolidated or amended complaint in this and any related action, including, but not limited to, the Court's jurisdiction, but waiving only any objections to insufficient process or insufficient service of process;

WHEREAS, pending in the United States District Court for the Southern District of New York is a related putative securities class action captioned: zCap Equity Fund LLC and Ross Marchetta v. LuxUrban Hotels Inc., et al., Case No. 1:24-cv-01030-PAE (the "Securities Class Action");

WHEREAS, Plaintiff maintains that the Action has merit independent of and is not dependent on the ultimate outcome of the Securities Class Action;

WHEREAS, there is substantial overlap between the facts and circumstances alleged in the

Action and the Securities Class Action, including the relevance of many of the same documents and witnesses;

WHEREAS, the defendants in the Securities Class Action filed a motion to dismiss the Amended Complaint for failure to state a claim on December 20, 2024, and that motion was fully briefed as of March 27, 2025 (Securities Class Action, ECF Nos. 41-42, 47, 49);

WHEREAS, the Parties agree that a decision on the pending motion to dismiss the Securities Class Action could have important implications for the efficient prosecution of the Action;

WHEREAS, pursuant to the Private Securities Litigation Reform Act ("Reform Act"), 15 U.S.C. § 78u–4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" and, as a result, until the court decides the Defendants' motion to dismiss the Securities Class Action, discovery in the Securities Class Action will be stayed;

WHEREAS, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, Plaintiff and Defendants have agreed that, in light of the significant overlap between the Action and the Securities Class Action, and in light of the stay of discovery in the Securities Class Action, that the Action should be temporarily stayed on the terms set forth below unless and until either: (1) the Securities Class Action is dismissed, with prejudice, and all appeals related thereto have been exhausted; or (2) the pending motion to dismiss the Securities Class Action is denied in whole or in part such that the Reform Act discovery stay dissolves as a matter of law; or (3) any of the Parties to this Stipulation gives a fifteen (15) day notice in writing via email to opposing counsel that they no longer consent to the voluntary stay of the Action; and

WHEREAS, this is the first stipulation to temporarily stay the proceedings, the Parties' joint request to temporarily stay the proceedings is not sought for the purpose of delay or any other

improper purpose, and the Parties submit that good cause exists to temporarily stay the Action as set forth herein;

NOW THEREFORE, it is hereby stipulated by and between the undersigned, subject to the Court's approval, that:

1. Defendants hereby waive service of summons and accept service of the Complaint, preserving all defenses and objections to the Complaint including, but not limited to, the Court's jurisdiction, but waiving only any objections to insufficient process or insufficient service of process.

2. Upon occurrence of any of: (1) the dismissal of the Securities Class Action, with prejudice, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Class Action in whole or in part such that the Reform Act discovery stay dissolves as a matter of law; or (3) fifteen (15) days after any of the Parties to this Stipulation have given notice in writing via email to opposing counsel that they no longer consent to the voluntary stay of the Action, then the stay shall be lifted and the Parties shall notify the Court within fifteen (15) days after the occurrence of any of the events above that the stay has been lifted.

3. The Action shall be temporarily stayed, and all case deadlines set by rule or by previous order of the Court shall be vacated, upon the Court's approval of this Stipulation as an Order of the Court.

4. The Parties agree that notwithstanding this stay of the Action, Plaintiff may file an amended complaint; however, Defendants need not answer or otherwise respond to the Complaint or to any other complaint or amended complaint that is filed in or consolidated with the Action during the pendency of this stay.

5. Defendants shall promptly notify Plaintiff in the event any other factually related

stockholder derivative proceedings or threatened stockholder derivative proceedings are initiated, including but not limited to the filing of a summons and complaint derivatively on behalf of LuxUrban based on the same or similar set of factual allegations as alleged in this Action ("Related Derivative Actions").

7. Within thirty (30) days after the stay is lifted as a result of one of the events detailed in paragraph 2, the Parties shall meet and confer and submit a proposed schedule to the Court for Defendants' response to the Complaint and other deadlines.

8. Defendants shall promptly notify Plaintiff if a Related Derivative Action is not stayed for a similar or longer duration than the Action.

9. The Parties shall meet and confer regarding consolidation of any shareholder derivative action filed in, removed to, or transferred to this Court that any Party determines is related to this action and an application for consolidation of such a shareholder derivative action may be made by Plaintiff, and may be ruled on, notwithstanding the stay, and an application for appointment of leadership for plaintiffs may be made by Plaintiff, and may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

10. If a mediation or formal settlement conference is held in effort to settle the Securities Class Action or any Related Derivative Action, Defendants shall provide Plaintiff with reasonable advance notice of, and shall invite Plaintiff to, the mediation.

11. During the pendency of the stay, Defendants shall promptly produce to Plaintiff any documents produced to a shareholder who made a books and records demand and any documents produced and/or submissions made in connection with a mediation of a related derivative action and/or the securities class action subject to a reasonable confidentiality agreement or protective order that permits Plaintiff to use the discovery in the Action.

12. By entering into this stipulation, the Parties do not waive, but rather expressly preserve, all rights and defenses they may have in this action including to move to transfer venue.

Dated: April 22, 2025                                             Respectfully submitted,

**THE BROWN LAW FIRM**                          **BAKER & HOSTETLER LLP**

By: _/s/ Timothy Brown_                              By: _/s/ Douglas W. Greene_
Timothy Brown                                              Douglas W. Greene (*pro hac vice*)
tbrown@thebrownlawfirm.net                      dgreene@bakerlaw.com
Saadia Hashmi                                              Zachary R. Taylor
shashmi@thebrownlawfirm.net                    ztaylor@bakerlaw.com
Elizabeth Donohoe                                        45 Rockefeller Plaza
edonohoe@thebrownlawfirm.net                 New York, NY 10111
767 Third Avenue, Suite 2501                      Telephone: (212) 589-4200
New York, NY 10017                                      Fax: (212)-589-4201
Telephone: (516) 922-5427
Fax: (516) 344-6204

*Attorneys for Plaintiff*                                  *Attorneys for Defendants Brian Ferdinand, Shanoop Kothari, David Berg, Jimmie Chatmon, Aimee Nelson, Leonard Toboroff, and Jeffrey Webb, and Nominal Defendant LuxUrban Hotels Inc.*

SO ORDERED:

Date: _____                        _____
                                                                        Ronnie Abrams
                                                                        United States District Judge

5